J-A16014-17

2018 PA Super 84

| | | |
|---|---|---|
| IN RE: PETITION OF SANDRA NAVARRA BY THE LIMITED GUARDIAN OF HER ESTATE, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHRIS NAVARRA, LINDA D'AUGOSTINE, JOANNE M. NAVARRA, RICHARD E. NAVARRA AND CHARLENE A. SHELLEDY | : : : : | No. 1307 WDA 2016 |

Appeal from the Order entered August 25, 2016,
in the Court of Common Pleas of Lawrence County,
Orphans' Court at No(s): 109 of 2014 O.C.

BEFORE:    STABILE, J., FORD ELLIOTT, P.J.E., and STRASSBURGER,* J.

DISSENTING OPINION BY STRASSBURGER, J.:                    **FILED APRIL 11, 2018**

Although the result reached by the Majority is certainly a fair one, it does not comport with the statute.  Accordingly, I am constrained to dissent.

The issue of whether the orphans' court has the authority to substitute its judgment for that of that of Wife in order to disinherit Husband's legatees is governed by 20 Pa.C.S. § 5536(b).  Although the statute has some broad language, the only section concerning the modification of a will provides that the court may modify "by means of codicil or trust amendment, as the case may be, the terms of the incapacitated person's will … as the court may deem advisable in light of changes in applicable tax laws." 20 Pa.C.S. § 5536(b)(11).  If the legislature desired that the orphans' court could substitute its judgment to modify a will in situations other than those involving tax laws, the legislature could easily have included that in the

_____
*Retired Senior Judge assigned to the Superior Court.

statute.  *Expressio unius est exclusio alterius*.[1]  However, the legislature did not do so.  Thus, I would reverse the order of the orphans' court as to the four legatees over whom the orphans' court had jurisdiction.

---

[1] "The maxim, *expressio unius est exclusio alterius*, establishes the inference that, where certain things are designated in a statute, all omissions should be understood as exclusions. The maxim is one of longstanding application, and it is essentially an application of common sense and logic." **Commonwealth v. Ostrosky**, 866 A.2d 423, 430 (Pa. Super. 2005) (holding "the legislature's decision to expressly designate that repeated threats or course of threats can violate the statute, indicates that they did not intend to punish a single such incident").